06-3872-ag
Ling Yang v. Mukasey

UNITED STATES COURT OF APPEALS

FOR THE SECOND CIRCUIT

————————

August Term, 2007

(Argued: January 9, 2008                         Decided: January 31, 2008)

Docket No. 06-3872-ag

————————

LING YANG,

*Petitioner,*

—v.—

MICHAEL B. MUKASEY,[1]

*Respondent.*

————————

B e f o r e :

STRAUB, SOTOMAYOR, and WESLEY,

*Circuit Judges.*

————————

Petitioner Ling Yang seeks review of an order of the Board of Immigration Appeals affirming the decision of an Immigration Judge denying her applications for adjustment of status and a waiver of inadmissibility and ordering her removed. Because we conclude that we do not have jurisdiction to review the denial of Yang's application for adjustment of status, Yang's petition for review is DISMISSED in part and DENIED in part.

————————————————————

YAN WANG, New York, NY, *for Petitioner*.

KOHSEI UGUMORI, Attorney (Peter D. Keisler, Assistant Attorney General, Civil Division, Michelle E. Gorden Latour, Assistant Director, *on the brief*), Office of Immigration Litigation, U.S. Department of Justice, Washington, D.C., *for Respondent*.

————————————————————

[1] Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for former Attorney General Alberto R. Gonzales as respondent in this case.

PER CURIAM:

Ling Yang, a native and citizen of China, seeks review of a July 21, 2006 order of the Board of Immigration Appeals ("BIA") affirming the February 25, 2005 decision of Immigration Judge ("IJ") Alan L. Vomacka denying Yang's applications for adjustment of status based on marriage to a United States citizen under Immigration and Nationality Act ("INA") § 245, 8 U.S.C. § 1255, and a waiver of inadmissibility under INA § 212(h), 8 U.S.C. § 1182(h), and ordering her removed. *In re Ling Yang*, No. A75 944 341 (B.I.A. July 21, 2006), *aff'g* No. A75 944 341 (Immig. Ct. N.Y. City Feb. 25, 2005).

Yang was admitted to the United States on May 23, 1996 on a nonimmigrant visa. On February 19, 2002, Yang was served with a notice to appear for immigration proceedings charging her with removability under INA § 237(a)(1)(B), 8 U.S.C. § 1227(a)(1)(B), as an alien who remained in the United States for a time longer than permitted. Yang conceded at her removal hearing that she was removable as charged. Moreover, the IJ found that Yang was inadmissible under INA § 212(a)(2)(A)(i)(I), 8 U.S.C. § 1182(a)(2)(A)(i)(I), for having committed a crime involving moral turpitude and INA § 212(a)(2)(D)(ii), 8 U.S.C. § 1182(a)(2)(D)(ii), for having committed a crime involving prostitution. Yang applied for a waiver of inadmissibility under INA § 212(h), 8 U.S.C. § 1182(h), and adjustment of status under INA § 245, 8 U.S.C. § 1255.

The IJ denied Yang's application for adjustment of status based both on his determination that Yang was statutorily ineligible for such relief and his determination that Yang did not merit a favorable exercise of discretion. This Court lacks jurisdiction to review such a discretionary denial. *See Guyadin v. Gonzales*, 449 F.3d 465, 468-69 (2d Cir. 2006). We have

2

previously stated that we retain jurisdiction over denials of adjustment of status applications even when the denial is based in part on a matter of discretion when the discretionary determination is based on the same grounds as the eligibility determination. *See Harjinder Singh v. Gonzales*, 468 F.3d 135, 138 (2d Cir. 2006). However, this is not such a case. Here, the IJ gave several independent reasons for denying Yang's application of adjustment of status as a matter of discretion, including criminal conduct for which she was not convicted, and the BIA affirmed this conclusion as a "proper[], and thorough[], balanc[ing] [of] the favorable and unfavorable factors of record." Because the IJ made a determination to deny the adjustment of status application for independent, discretionary reasons, and the BIA expressly affirmed this exercise of discretion, we lack jurisdiction over this determination.[2]

For the foregoing reasons, the petition for review as to the denial of adjustment of status is DISMISSED. The remainder of Yang's petition for review is DENIED as moot.

---

[2]Because we conclude that we lack jurisdiction to review the denial of Yang's adjustment of status determination, and because Yang conceded removability as a visa overstay and has not applied for any other type of relief from removal, Yang's removal order must stand. Accordingly, we do not reach the question of whether Yang is inadmissible for having been convicted of a crime of moral turpitude. We also do not reach the question of whether—if she was convicted of such a crime—she is eligible for a § 212(h) waiver, although we note that, in any event, because the IJ denied the § 212(h) waiver in part "as a matter of discretion," we lack jurisdiction to review that denial for the same reasons we lack jurisdiction over the denial of the § 245 application. *See Camara v. Dep't. of Homeland Sec.*, 497 F.3d 121, 124 (2d Cir. 2007).