

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-26-2008

# Liu v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-3230

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Liu v. Atty Gen USA" (2008). *2008 Decisions*. Paper 977.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/977

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 06-3230

SHI HING LIU,
                            Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A71 488 197)
Immigration Judge:  Honorable Charles Honeyman

Submitted Pursuant to Third Circuit LAR 34.1(a)
June 12, 2008

Before: AMBRO, FISHER and JORDAN, Circuit Judges

Opinion filed June 26, 2008

OPINION

PER CURIAM

Shi Hing Liu petitions for review of a Board of Immigration Appeals ("BIA")

decision dismissing his appeal of the Immigration Judge's ("IJ") decision denying his

application for adjustment of status.  We will deny the petition for review.

Liu is a native and citizen of China. He entered the United States in 1993 without a valid entry document. The Immigration and Naturalization Service issued an order to show cause charging that Liu was subject to deportation on this basis. Liu conceded he was deportable and applied for asylum and withholding of deportation.

At his hearing in 1993, Liu testified that his wife became pregnant, and that government officials required that she have an abortion. He stated that his wife ran away, but officials found her and forced her to have an abortion in January 1993. Liu also stated in his asylum application that his fiancee was forced to have an abortion.[1] The Immigration Judge noted that there were inconsistencies in Liu's testimony, but stated that they did not go to the ultimate issue of whether he left China because he objected to the family planning policy. The Immigration Judge found Liu credible, but held that Liu did not qualify for asylum under the existing law. The Board of Immigration Appeals ("BIA") dismissed Liu's appeal in 1993. Liu was granted voluntary departure, but he did not leave the United States.

In 1999, Liu filed a motion to reopen his proceedings to apply for relief under the Convention Against Torture. He also argued that he was now eligible for asylum based

---

[1] Liu's "wife" and "fiancee" refer to the same person. Liu testified that he was married in July 1992, and that his wife had to pay a fine because they married too young. On cross-examination, Liu stated that they did not have a marriage ceremony, and that they just agreed to get married. Liu's asylum application stated that he was single and referred to his fiancee. The Immigration Judge found that Liu was formally engaged. In later proceedings, Liu testified that, although he did not have a marriage license, he and his wife had a banquet in honor of their marriage.

on the change in the law that expanded the definition of "refugee" to include persons fearing persecution based on resistance to coercive family planning policies. In an affidavit, Liu again asserted that his wife was forced to have an abortion. The BIA granted the motion to reopen and remanded the matter to the Immigration Judge.

On remand, Liu testified that his wife did <u>not</u> have an abortion. He stated that she had a miscarriage when she ran away from government officials. Based on Liu's 1993 testimony and the statement in his affidavit in support of his motion to reopen that his wife had a forced abortion, the Immigration Judge found Liu not credible and denied asylum and his other applications for relief from removal.

While Liu's appeal to the BIA was pending, the BIA granted Liu's motion for a remand so that he could apply for an adjustment of status based on a labor certification. On remand,[2] Liu submitted an affidavit stating that he had never told his lawyer in 1993 that his fiancee was forcibly aborted, that he was never told what was written in his asylum application, that he did not testify in 1993 that his fiancee was forcibly aborted, and that he did not know that an affidavit was part of the motion to reopen. Liu also stated that in 2002 he married a woman he had met in New York City. At his hearing, Liu testified that the law office had made a mistake, and that the 1993 transcript was probably a "misinterpretation." A.R. at 104.

---

[2]Although the earlier proceedings were in Arlington, Virginia, venue was changed to Philadelphia apparently because Liu moved to Pennsylvania.

The Immigration Judge ("IJ") found that Liu had committed fraud by falsely stating that his wife had been forced to have an abortion. The IJ rejected Liu's argument that there was a defect in the transcript, finding no evidence of an objection to the translation. To the extent Liu suggested that his counsel was negligent, the IJ noted that Liu had not complied with the requirements for pursuing an ineffective assistance of counsel claim, and that it would be the decision of his current counsel as to whether a motion to withdraw would be appropriate.[3] Because he committed fraud, the IJ found Liu inadmissible and thus ineligible for adjustment of status. On appeal, the BIA agreed that Liu was ineligible for adjustment of status because he committed fraud, and also concluded that Liu did not merit such relief as a matter of discretion.[4] This petition for review followed.

We must first address our jurisdiction over the petition for review. The Government argues that we lack jurisdiction to review the BIA's discretionary decision denying Liu's application for adjustment of status. See 8 U.S.C. § 1252(a)(2)(B) (providing no court has jurisdiction to review any judgment regarding the granting of relief under § 1255). The Government recognizes that we retain jurisdiction over the legal question of an alien's eligibility for adjustment of status, see Pinho v. Gonzales, 432

_____

[3]Liu was represented by different lawyers at the successor firm to the firm that represented him in 1993.

[4]The BIA noted that Liu did not raise any issues regarding his claim for asylum, and stated that, if he had, it would deny any such application in its discretion given its affirmance of the IJ's finding of fraud.

F.3d 193, 204 (3d Cir. 2005), but contends that we lack jurisdiction here because, in addition to finding Liu ineligible for adjustment of status, the BIA denied relief as a matter of discretion. We disagree. Although we may lack jurisdiction where the BIA denies relief as a matter of discretion on grounds independent of the finding of ineligibility, the BIA did not note any separate grounds for denying Liu's application as a matter of discretion. See Ling Yang v. Mukasey, 514 F.3d 278, 279-80 (2d Cir. 2008) (stating court retains jurisdiction to review a denial of adjustment of status where a discretionary determination is based on the same grounds as the eligibility determination).

We agree with the Government, however, that the BIA's decision that Liu is ineligible for an adjustment of status because he committed fraud is supported by substantial evidence. An alien must be admissible to the United States to be eligible to adjust his status. 8 U.S.C. § 1255(a). Any alien who "by fraud or willfully misrepresenting a material fact" has sought to obtain a benefit under the immigration law is inadmissible. Id. § 1182(a)(6)(C). The record reflects that Liu represented at his 1993 hearing, in his asylum application, and in his affidavit in support of his motion to reopen that his wife was forced to have an abortion. At his 2001 hearing, Liu stated for the first time that his wife had a miscarriage, not an abortion.

Liu does not dispute the materiality of his statements, nor could he, as his asylum claim was based on China's population control policies. Liu does argue that his false statements were not willful, noting that there is no evidence showing that he had actual

5

knowledge of the contents of the 1993 asylum application or the motion to reopen. Liu states that, at the 2001 hearing on his motion to reopen, he testified that he did not prepare a written statement related to that motion. The Immigration Judge in those proceedings, however, found Liu not credible, stating that he specifically testified at his 1993 hearing that his wife had a forced abortion. Liu did not pursue an appeal of this finding to the BIA. Although Liu further argues that he never told his lawyers that his wife had an abortion, and that his lawyers did not review the documents they prepared with him, both the IJ and the BIA correctly noted in his adjustment of status proceedings that, to the extent Liu blamed his attorneys for the misrepresentations, he had not pursued an ineffective assistance of counsel claim.[5]

The record reflects that Liu testified at his hearing in 1993 that his wife ran away, "[b]ut finally, you know, they took my wife to do the abortion." A.R. at 314. Liu further testified that officials took his wife to do the abortion in January 1993, and that he became aware that his wife had an abortion after he wrote her a letter and his "wife told [him] all about this." A.R. at 314. Liu's 1993 testimony constitutes substantial evidence supporting the finding that he willfully misrepresented a material fact. See Mwongera v. I.N.S., 187 F.3d 323, 330 (3d Cir. 1999) (stating that willfulness is satisfied by finding

---

[5]Liu argues that it was unreasonable to expect him to pursue such a claim where he was still represented by the same law firm. The IJ, however, suggested in its decision that counsel consider withdrawing from his case. Liu did retain new counsel after filing his appeal to the BIA, but he did not pursue an ineffective assistance of counsel claim.

that the misrepresentation was deliberate and voluntary).  Liu has not pointed to evidence showing that a reasonable factfinder would be compelled to find that he did not willfully misrepresent the basis of his asylum claim.  See id.

Accordingly, we will deny the petition for review.