SUMMARY ORDER
Petitioner Eloisa Sison, a citizen of the Philippines, petitions for review of a June 17, 2008, BIA decision, No. A73-474-329, affirming the decision of an IJ dated August 29, 2006, denying her application for adjustment of status under section 245 of the Immigration and Nationality Act, 8 U.S.C. § 1255. We assume the parties’ familiarity with the facts and procedural history of this case, and the issues presented on this appeal.
We have no jurisdiction to review an IJ’s decision to deny adjustment of status under 8 U.S.C. § 1255 when it is based on his or her discretion. Ling Yang v. Mukasey, 514 F.3d 278, 279 (2d Cir. 2008); Guyadin v. Gonzales, 449 F.3d 465, 468 (2d Cir.2006); see 8 U.S.C. § 1252(a)(2)(B)(i) (precluding judicial review of “any judgment regarding the granting of relief under ... [8 U.S.C. § ] 1255 [permitting adjustment of status].”). But, we retain jurisdiction to review “constitutional claims or questions of law raised upon a petition for review.” 8 U.S.C. § 1252(a)(2)(D).
Sison argues that the IJ erred by improperly “re-adjudicating” or “re-evaluating” Sison’s previously approved 1-140 petition in his decision to deny Sison’s adjustment of status. He did not do so. He based his denial of adjustment of status on an exercise of discretion based in *502 part on discrepancies between the 1-140 petition and Sison’s testimony. That is not a “re-adjudication” of the 1-140 petition. Because the IJ’s decision was based on an exercise of discretion, we have no jurisdiction to review Sison’s petition.
For the foregoing reasons, the petition for review of the order of the Board of Immigration Appeals is hereby DISMISSED. Having completed our review, the petitioner’s pending motion for a stay of removal is DISMISSED as moot.