08-1809-ag (L); 08-5722-ag (Con)
Hossain v. Holder

BIA
Nelson, IJ
A070 654 688

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## AMENDED SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 7th day of April, two thousand ten.

PRESENT:
> JOHN M. WALKER, JR.,
> ROBERT A. KATZMANN,
> GERARD E. LYNCH,
> > *Circuit Judges*.

_____

AKTER HOSSAIN, ALSO KNOWN AS AHMED HOSSAIN,
> *Petitioner*,

> > 08-1809-ag (L);
> > 08-5722-ag (Con)

> v.                          NAC

ERIC H. HOLDER, JR., UNITED STATES ATTORNEY GENERAL,
> *Respondent*.

_____

FOR PETITIONER:           Barbara J. Brandes, New York, N.Y.

FOR RESPONDENT:           R. Alexander Goring, Trial Attorney, (Tony West, Assistant Attorney General, Michelle Gorden Latour, Assistant Director, *of counsel*), Office of Immigration Litigation, United States Department of Justice, Washington, DC

UPON DUE CONSIDERATION of these consolidated petitions for review of two Board of Immigration Appeals ("BIA") decisions, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petitions for review are DENIED in part and DISMISSED in part.

Petitioner Akter Hossain, a native and citizen of Bangladesh, seeks review of: (1) the March 18, 2008 order of the BIA affirming the May 19, 2006 decision of Immigration Judge ("IJ") Barbara A. Nelson and denying petitioner's motion to remand, *In re Akter Hossain*, No. A070 654 688 (B.I.A. Mar. 18, 2008) *aff'g* No. A070 654 688 (Immig. Ct. N.Y. City May 19, 2006); and (2) the October 27, 2008 order of the BIA denying his first and second motions to reopen, *In re Akter Hossain*, No. A070 654 688 (B.I.A. Oct. 27, 2008). We assume the parties' familiarity with the underlying facts and procedural history in this case.

## I. Docket Number 08-1809-ag

As an initial matter, Hossain fails to challenge the BIA's denial of his motion to remand in its March 18, 2008 order. Therefore, we need not address that issue.

### A. Adjustment of Status

In addition, contrary to Hossain's arguments, we lack jurisdiction to review the IJ's discretionary denial of his application for adjustment of status. *See* 8 U.S.C. § 1252(a)(2)(B)(I); *Ling Yang v. Mukasey*, 514 F.3d 278, 280 (2d Cir. 2008).

2

**B.   Asylum, Withholding of Removal, and CAT relief**

Under the circumstances of this case, we review both the BIA's and IJ's opinions.  *See Yun-Zui Guan v. Gonzales*, 432 F.3d 391, 394 (2d Cir. 2005).  We review the IJ's factual findings, including adverse credibility determinations, under the substantial evidence standard, and we review *de novo* questions of law and the application of law to undisputed fact.  *See* 8 U.S.C. § 1252(b)(4)(B); *Corovic v. Mukasey*, 519 F.3d 90, 95 (2d Cir. 2008); *Salimatou Bah v. Mukasey*, 529 F.3d 99, 110 (2d Cir. 2008).

Substantial evidence supports the IJ's adverse credibility determination, and, accordingly, her denial of Hossain's asylum application.  Hossain does not challenge several of the agency's credibility findings, including: (1) that the false documents he submitted to the agency from 1996 through 2006 undermined his credibility; (2) that there was an inconsistency between his testimony and a document in the record regarding whether he was detained by the police; and (3) that he omitted from his asylum application any assertion that he was beaten in 1985 by the police in Bangladesh.  Thus, he has waived any challenge to those findings, *Yueqing Zhang v. Gonzales*, 426 F.3d 540, 541 n.1, 545 n.7 (2d Cir. 2005) and they stand as valid bases for the IJ's adverse credibility determination, *see Shunfu Li v. Mukasey*, 529 F.3d 141, 146-147 (2d Cir. 2008).  These findings alone provide substantial evidence for the agency's adverse credibility

3

determination.  *See Siewe v. Gonzales*, 480 F.3d 160, 170 (2d Cir. 2007).

Moreover, given the findings described above, there is no merit to Hossain's argument that the IJ made an adverse credibility finding *only* with respect to his identity and not with respect to his underlying claim.  *See Zaman v. Mukasey*, 514 F.3d 233, 237-38 (2d Cir. 2008) (finding that the IJ's analysis qualified as an "explicit credibility finding" because the IJ expressed "grave doubts" about the petitioner's credibility and cited specific reasons for those doubts).  And even if the IJ's credibility determination had been so limited, the submission of a forged document is, absent a satisfactory explanation or rebuttal, sufficient basis to impeach a petitioner's general credibility.  *See Borovikova v. United States Dep't of Justice*, 435 F.3d 151, 157-58 (2d Cir. 2006).  To the extent Hossain argues that the IJ erred in refusing to accept additional documentation which would have corroborated his identity, that argument is belied by the record, which indicates that the IJ accepted such documentation and addressed it in her decision.

Finally, while Hossain argues that the IJ erred in failing to evaluate his future persecution claim and his applications for withholding of removal and CAT relief, because those claims were based on the same set of facts that the IJ found not to be credible, they also failed.  *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006).

4

## C.  Request for Continuance

We review an IJ's decision to deny a motion for continuance for abuse of discretion.  *Sanusi v. Gonzales*, 445 F.3d 193, 199 (2d Cir. 2006).  Here, the IJ did not abuse her discretion in declining to continue the proceedings given that she had previously granted Hossain several continuances.  The BIA will ordinarily grant an unopposed motion to continue the proceedings pending decision on a family-based visa petition (Form I-130).  *See Matter of Hashmi*, 24 I. & N. Dec. 785, 790 (BIA 2009).  However, Hossain's application for adjustment of status based on the approval of his first I-130 petition had been denied at the time he sought a continuance, a factor that the IJ could properly consider, *see id.* at 792.  Moreover, the IJ was entitled to consider "evidence of potential fraud," *id.*, a category that encompasses the evidence that Hossain had filed his first I-130 under an assumed name.

Hossain's due process argument fails because an alien has no due process rights to a discretionary grant of relief such as adjustment of status.  *See Yuen Jin v. Mukasey*, 538 F.3d 143, 156-57 (2d Cir. 2008).

## II.  Docket Number 08-5722-ag

We review the BIA's denial of a motion to reopen for abuse of discretion.  *See Kaur v. BIA*, 413 F.3d 232, 233 (2d Cir. 2005) (per curiam).

**A.    First Motion to Reopen**

As discussed above, we lack jurisdiction to review the IJ's denial of Hossain's application for adjustment of status.  It follows, then, that we also lack jurisdiction of the BIA's denial of Hossain's first motion to reopen to the extent the BIA declined to reopen for him to pursue his adjustment application based on the IJ's prior discretionary denial.  *See Mariuta v. Gonzales*, 411 F.3d 361, 366 (2d Cir. 2005) (finding that the Court lacked jurisdiction to review the BIA's denial of a motion to reopen where the denial is based on a discretionary determination of the merits of the underlying application and the underlying application is subject to the jurisdictional bar of the Immigration and Nationality Act).

**B.    Second Motion to Reopen**

There is no dispute that Hossain's second motion to reopen was untimely and number-barred.  *See* 8 C.F.R. § 1003.2(c)(2) (providing that an alien seeking to reopen proceedings may file only one motion to reopen no later than 90 days after the date on which the final administrative decision was rendered).  However, there are no time and number limitations when a motion to reopen is "based on changed circumstances arising in the country of nationality or in the country to which deportation has been ordered, if such evidence is material and was not available and could not have been discovered or presented at the previous hearing."  8 C.F.R. § 1003.2(c)(3)(ii).

6

The BIA did not abuse its discretion by denying Hossain's second motion to reopen. Contrary to Hossain's argument that reopening was warranted based on the past persecution he suffered in Bangladesh, the IJ's denial of his motion was not erroneous because it was based on the same political involvement that the BIA and IJ had already found not credible. *See Paul*, 444 F.3d at 155 n.5 (explaining that when a petitioner has previously been found not credible as to his alleged past persecution, he "cannot assert [in his motion to reopen] that he subjectively fears persecution on [that] basis."); *Kaur*, 413 F.3d at 234 (finding that the BIA does not abuse its discretion in denying a motion to reopen when the movant does not overcome a prior adverse credibility determination). Moreover, contrary to Hossain's argument that reopening was warranted based on his political involvement in the United States, the BIA reasonably considered Hossain's evidence and found that he failed to demonstrate changed country conditions in Bangladesh. *See Wei Guang Wang v. BIA*, 437 F.3d 270, 273-74 (2d Cir. 2006).

For the foregoing reasons, these petitions for review are DENIED in part and DISMISSED in part. As we have completed our review, the pending motion for a stay of removal in these petitions is DISMISSED as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

7