10-4906-ag
Gonzales Bordonave v. Holder

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY THIS COURT'S LOCAL RULE 32.1.1 AND FEDERAL RULE OF APPELLATE PROCEDURE 32.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 27th day of September, two thousand eleven,

Present:
> ROSEMARY S. POOLER,
> BARRINGTON D. PARKER,
> DENNY CHIN,

> *Circuit Judges*.

---

HAROLD HARRIS GONZALES BORDONAVE,

> *Petitioner*,

> -v-                                                          10-4906-ag

ERIC H. HOLDER, JR., UNITED STATES ATTORNEY GENERAL,

> *Respondent*.

---

Appearing for Appellant:      Amanda E. Gray, Jules E. Coven, Kerry W. Bretz, Bretz & Coven, LLP, New York, N.Y.

Appearing for Appellee:       Kelly J. Walls, Trial Attorney, Office of Immigration Litigation; Tony West, Assistant Attorney General, Civil Division; Leslie McKay, Assistant Director, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

Petition for review of an order of the Board of Immigration Appeals ("BIA").

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the petition for review is **GRANTED**.

Harold Harris Gonzales Bordonave ("Gonzales"), a native and citizen of Peru, seeks review of a November 9, 2010, order of the BIA reversing the July 13, 2010, decision of Immigration Judge ("IJ") Gabriel C. Videla, and denying his application for adjustment of status because he failed to demonstrate "unusual or outstanding equities," *see In re Edwards*, 20 I. & N. Dec. 191, 195 (BIA 1990). *In re Harold Harris Gonzales Bordonave*, No. A042 288 932 (BIA Nov. 9, 2010) ("BIA Decision"), *rev'g* No. A042 288 932 (Immig. Ct. N.Y. City July 13, 2010) ("IJ Decision"). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the Immigration and Nationality Act ("INA"), we lack jurisdiction to review a discretionary denial of relief by an IJ or the BIA, such as the denial of an application for adjustment of status under section 245(a) of the INA, 8 U.S.C § 1255(a). *See* 8 U.S.C. § 1252(a)(2)(B)(i); *Ling Yang v. Mukasey*, 514 F.3d 278, 280 (2d Cir. 2008). However, pursuant to the REAL ID Act, we retain jurisdiction to review constitutional claims and questions of law. *See* 8 U.S.C. § 1252(a)(2)(D); *Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 326-27 (2d Cir. 2006). A question of law is not implicated "when the petition for review essentially disputes the correctness of [the agency's] fact-finding or the wisdom of [its] exercise of discretion." *Xiao Ji Chen*, 471 F.3d at 328-29.

Gonzales argues that the BIA erred as a matter of law by failing to consider that his family would suffer hardship if he were deported. The IJ, in listing petitioner's positive equities, explicitly noted that petitioner's wife would "be greatly affected by [petitioner]'s deportation, as would also [petitioner]'s family, particularly the mother." IJ Decision at 28. The BIA listed as positive equities petitioner's "long term residency in the United States, his close family ties, and his employment history," BIA Decision at 2; nowhere in its opinion did it acknowledge the IJ's finding that Gonzales's wife and family would "be greatly affected" if he were removed, IJ Decision at 28.

The BIA, however, has repeatedly instructed both that "a proper determination as to whether an alien has demonstrated unusual or outstanding equities can only be made after a *complete review* of the favorable factors in his case," *Edwards*, 20 I. & N. Dec. at 196 n.3 (emphasis added), and also that one of the favorable factors to review is the hardship to an alien and his family caused by deportation, *see, e.g.*, *In re Arai*, 13 I. & N. Dec. 494, 496 (BIA 1970).

We considered a similar issue in *Mendez v. Holder*, 566 F.3d 316 (2d Cir. 2009). There, we cautioned that "the agency does not commit an error of law every time an item of evidence is not explicitly considered or is described with imperfect accuracy," but concluded that, "where, as here, some facts important to the subtle determination of exceptional and extremely unusual hardship have been totally overlooked and others have been seriously mischaracterized, . . . an error of law has occurred." *Id.* at 323 (internal quotation marks omitted). Here, as in *Mendez*, the BIA ignored a factor that its own precedent had established was relevant to its exercise of discretion. Here, too, as in *Mendez*, the factor the BIA failed to consider could be dispositive of the discretionary determination, particularly in light of the BIA's explicit acknowledgment that

2

Gonzales presented a "close case," BIA Decision at 2.

In *Mendez*, we reviewed an IJ's fact-finding rather than the BIA's review of an IJ decision. However, the BIA may not reject an IJ's findings of fact unless it finds them clearly erroneous. *See* 8 C.F.R. § 1003.1(d)(3)(I). Nor may the BIA engage in fact-finding in the course of deciding appeals. *See id.* § 1003.1(d)(3)(iv). It therefore follows that if an IJ's failure to consider crucial facts amounts to legally flawed fact-finding in some cases, so, too, would the BIA's failure to do the same. The BIA committed such an error in petitioner's case by failing to consider the IJ's factual finding that his family would suffer hardship if he were deported.

We acknowledge that we have found no error when the BIA explicitly chose to accord less weight to a particular factor than that accorded by the IJ. *See, e.g.*, *Noble v. Keisler*, 505 F.3d 73, 78 (2d Cir. 2007). In *Noble*, we observed that "[t]he role of the BIA was to consider Noble's rehabilitation, which the IJ had examined, and weigh it with and against other relevant factor[s] in order to render an informed discretionary decision as to whether Noble should be permitted to stay." *Id.* (footnote omitted). Here, in contrast, the BIA omitted any mention of the IJ's finding that Gonzales's family would be greatly affected. Thus, here, the BIA did not fulfill its "role," *see id.*, of considering the factors examined by the IJ and weighing them in the exercise of its own discretion.

Given the closeness of this case, the BIA's failure to consider and weigh this factor constituted "fact-finding which is flawed by an error of law." *Mendez*, 566 F.3d at 322 (quotation marks omitted). Moreover, by omitting mention of this important factor, the BIA erred in applying the incorrect standard of review to the IJ's finding.

We therefore GRANT the petition for review, VACATE the BIA's order, and REMAND the case to the BIA for consideration consistent with this Order.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3