10-3527-ag
Llanos-Fernandez v. Holder

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 14th day of March, two thousand twelve.

Present:
         DEBRA ANN LIVINGSTON,
         RAYMOND J. LOHIER, JR.,
                  *Circuit Judges*,
         JED S. RAKOFF,
                  *District Judge*.[*]

_____

EDISON IGNACIO LLANOS-FERNANDEZ, A/K/A EDISON JARA-FERNANDEZ,

         *Petitioner*,

                  v.                                No. 10-3527-ag

ERIC H. HOLDER, JR., UNITED STATES ATTORNEY GENERAL,

         *Respondent*.

_____

For Petitioner:          GLENN L. FORMICA, Elyssa N. Williams, Formica, P.C., New Haven, Conn.

For Respondent:          LAURA HALLIDAY HICKEIN, Trial Attorney, Office of Immigration Litigation, Civil Division (Tony West, Assistant

_____

[*] The Honorable Jed S. Rakoff, of the United States District Court for the Southern District of New York, sitting by designation.

Attorney General, Civil Division; Jennifer P. Levings, Senior Litigation Counsel, Office of Immigration Litigation, *on the brief*), U.S. Department of Justice, Washington, D.C.

**UPON DUE CONSIDERATION** of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby **ORDERED, ADJUDGED**, and **DECREED** that the petition for review is **DISMISSED**.

Edison Ignacio Llanos-Fernandez, a native and citizen of Ecuador, seeks review of an August 3, 2010, order of the BIA affirming the November 9, 2009, decision of Immigration Judge ("IJ") Michael W. Straus, denying his application for adjustment of status and waiver of inadmissibility. *In re Llanos-Fernandez*, No. A077 667 913 (B.I.A. Aug. 3, 2010), *aff'g* No. A077 667 913 (Immig. Ct. Hartford, Conn., Nov. 9, 2009). We assume the parties' familiarity with the underlying facts and procedural history in this case. Because the BIA adopted the IJ's decision, emphasizing particular aspects of that decision without rejecting any of its reasoning, we review the IJ's decision as supplemented by the BIA. *See Singh v. Gonzales*, 468 F.3d 135, 137 (2d Cir. 2006).

We generally lack jurisdiction to review the discretionary denial of an adjustment application. *See* 8 U.S.C. § 1252(a)(2)(B); *Ling Yang v. Mukasey*, 514 F.3d 278, 279–80 (2d Cir. 2008) (per curiam). However, we retain jurisdiction to review colorable constitutional claims or questions of law, such as an IJ's determination that an alien is statutorily ineligible to adjust his immigration status. *See* 8 U.S.C. § 1252(a)(2)(D); *Sepulveda v. Gonzales*, 407 F.3d 59, 62–63 (2d Cir. 2005) (an alien's statutory eligibility for relief is a question of law). When the IJ denies an adjustment application based on both eligibility and discretionary reasons, the discretionary reason will bar review if it is based on factors independent from the IJ's eligibility determination. *See Ling Yang*, 514 F.3d at 280.

Llanos-Fernandez contends that the IJ erred by finding him ineligible to adjust his immigration status to that of a lawful permanent resident pursuant to § 245 of the Immigration and Nationality Act. Although the IJ found that Llanos-Fernandez was ineligible for adjustment of status, the IJ also denied the application in the alternative as a matter of discretion. He based his discretionary denial on independent grounds, including the seriousness of Llanos-Fernandez's criminal convictions, Llanos-Fernandez's other criminal conduct for which he was not convicted, and the lack of evidence that he had been rehabilitated. Because the IJ's discretionary denial was based on factors independent from his eligibility determination, "including criminal conduct for which [Llanos-Fernandez] was not convicted, . . . . we lack jurisdiction over this determination." *Ling Yang*, 514 F.3d at 280.

For the foregoing reasons, the petition for review is **DISMISSED**. As we have completed our review, any stay of removal that the Court previously granted in this petition is **VACATED**, and any pending motion for a stay of removal in this petition is **DISMISSED** as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3