Dhanaram v. Holder

BIA
Montante, IJ
A044 749 734

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 29th day of May, two thousand thirteen.

PRESENT:

> **RALPH K. WINTER,**
> **PETER W. HALL,**
> **GERARD E. LYNCH,**
> > *Circuit Judges.*

_____

**PRAKASH DHANARAM,**

> *Petitioner*,

> v.                                                    **12-347**

**ERIC H. HOLDER, JR., UNITED STATES**
**ATTORNEY GENERAL,**

> *Respondent*.

_____

FOR PETITIONER:           Samuel N. Iroegbu, Albany, NY.

FOR RESPONDENT:           Stuart F. Delery, Acting Assistant Attorney
                          General; Jennifer L. Lightbody, Senior Litigation
                          Counsel; Stefanie A. Svoren-Jay, Trial Attorney,
                          Office of Immigration Litigation, United States
                          Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of

Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND

DECREED that the petition for review is DISMISSED.

Prakash Dhanaram, a native and citizen of Guyana, seeks review of a December

30, 2011, order of the BIA affirming the May 13, 2010, decision of Immigration Judge

("IJ") Philip J. Montante, Jr. and denying his applications for two separate waivers of

inadmissibility. *In re Prakash Dhanaram*, No. A044 749 734 (B.I.A. Dec. 30, 2011),

*affm'g* No. A044 749 734 (Immig. Ct. Buffalo, May 13, 2010). We assume the parties'

familiarity with the underlying facts and procedural history in this case.

In light of the prior proceedings in this case, we review the decision of the IJ as

supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005).

Because Dhanaram challenges the denial of relief that is discretionary, we have

jurisdiction only to review arguments asserting constitutional claims or errors of law. *See*

8 U.S.C. § 1252(a)(2)(B), (D); *Ling Yang v. Mukasey*, 514 F.3d 278, 280 (2d Cir. 2008)

(per curiam); *Avendano-Espejo v. Dep't of Homeland Sec.*, 448 F.3d 503, 505 (2d Cir.

2006). Dhanaram does not advance such claims here.

2

Dhanaram challenges the agency's determination that he failed to establish his entitlement to waivers of inadmissibility under Immigration and Nationality Act ("INA") § 212(h) (codified at 8 U.S.C. § 1182(h)) and former INA § 212(c) (codified at 8 U.S.C. § 1182(c)(1995)).  We lack jurisdiction to consider those challenges to the agency's decision, however, because they essentially dispute only the correctness of the IJ's fact-finding and the wisdom of the IJ's exercise of discretion regarding the agency's hardship determination.  *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 329 (2d Cir. 2006).  Although Dhanaram asserts that the agency committed numerous legal errors in determining that he failed to show he merited a favorable exercise of discretion, we reject attempts to frame disagreements over the agency's exercise of discretion as questions of law.  *See, e.g., Barco-Sandoval v. Gonzales*, 516 F.3d 35, 39-40 (2d Cir. 2008).

Dhanaram argues primarily that the agency erred as a matter of law because it applied the wrong legal standard when it cited *Matter of Edwards*, 20 I. & N. Dec. 191 (BIA 1990), for the proposition that he needed to demonstrate "unusual or outstanding" equities weighing in his favor because he had been involved in a pattern of criminal behavior.  Dhanaram misreads the case law, and his argument is without merit.

In *Matter of Edwards*, the BIA cites *Matter of Marin*, 16 I. & N. Dec. 581 (BIA 1978) for the proposition that "as the negative factors grow more serious, it becomes incumbent upon the alien to introduce additional offsetting favorable evidence, which in some cases may have to involve unusual or outstanding equities."  *Edwards*, 20 I. & N.

3

Dec. at 195. To determine when outstanding equities are necessary, *Edwards* clarifies that the agency "must examine the gravity of the offense per se" and notes that a single serious crime or "a succession of criminal acts which together establish a pattern of serious criminal misconduct" may suffice to require that such a showing be made. *Id*. at 195-96. *Edwards* also establishes, however, that even outstanding equities may be insufficient to outweigh adverse factors. *Id*. at 196, 198-99.

In Dhanaram's case, the agency provided reasons for finding that he had engaged in a pattern of criminal behavior that warranted requiring Dhanaram to demonstrate unusual or outstanding equities weighing in his favor. The IJ noted that Dhanaram's first conviction was within a year of admission to the United States and his most recent conviction occurred during his removal proceedings. The agency also found that Dhanaram admitted to continued use of marijuana despite completing drug treatment. The agency's determination that Dhanaram demonstrated a pattern of criminal activity was supported by the record, and the requirement that Dhanaram demonstrate unusual or outstanding equities to outweigh those adverse factors was not in error. *See Avendano-Espejo*, 448 F.3d at 505 (citing *Matter of Edwards*, 20 I. & N. Dec. at 191, 194-95). Dhanaram's argument does not implicate a question of law and his assertion that the agency used the wrong standard in evaluating the equities of his case is simply a challenge to the agency's exercise of discretion, which we lack jurisdiction to review. *See Barco-Sandoval*, 516 F.3d at 139; *see also Xiao Ji Chen*, 471 F.3d at 329.

Dhanaram also argues that the agency "completely disregarded" the positive equities weighing in his favor. This argument is belied by the record which shows that both the BIA and the IJ explicitly noted Dhanaram's positive equities, including his U.S. citizen family members, his position as the family's sole financial provider, his family's health problems and the likely emotional hardship that will result from his removal, his employment history, and his improved relationship with his family. The IJ specifically noted that these equities evoked sympathy, but both the IJ and the BIA agreed that they did not outweigh the seriousness of the adverse factors justifying removal, which included Dhanaram's history of violent assaults, continued drug use, lack of rehabilitation, and lack of remorse. In sum, the agency neither "totally overlooked" significant positive factors weighing in Dhanaram's favor nor mischaracterized the evidence in the record. *Mendez v. Holder*, 566 F.3d 316, 323 (2d Cir. 2009) (per curiam). Accordingly, we conclude that Dhanaram does not identify a colorable question of law or constitutional claim, and this Court lacks jurisdiction over his petition. *See* 8 U.S.C. § 1252(a)(2)(B).

For the foregoing reasons, the petition for review is DISMISSED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5