17-923-cv
Lin v. U.S. Dep't of Homeland Sec.

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 19th day of October, two thousand seventeen.

PRESENT: JOHN M. WALKER, JR.,
REENA RAGGI,
PETER W. HALL,
*Circuit Judges.*

-----------------------------------------------------------------------
YING LIN,

*Plaintiff-Appellant*,

v.                                                                  No. 17-923-cv

UNITED STATES DEPARTMENT OF HOMELAND SECURITY, JOHN F. KELLY, IN HIS OFFICIAL CAPACITY AS SECRETARY, UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES, DIRECTOR USCIS LEON RODRIGUEZ, IN HIS OFFICIAL CAPACITY AS DIRECTOR, DISTRICT DIRECTOR PHYLLIS COVEN, IN HER OFFICIAL CAPACITY AS DIRECTOR OF THE NEW YORK DISTRICT OFFICE,

*Defendants-Appellees*.
-----------------------------------------------------------------------

APPEARING FOR APPELLANT:        EDWARD J. CUCCIA, Cuccia & Campise, PLLC, New York, New York.

APPEARING FOR APPELLEES:     ELLIOT M. SCHACHNER, Assistant United States Attorney (Varuni Nelson, Assistant United States Attorney, *on the brief*), *for* Bridget M. Rohde, Acting United States Attorney for the Eastern District of New York, Brooklyn, New York.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Pamela K. Chen, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on March 1, 2017, is AFFIRMED.

Plaintiff Ying Lin, a native and citizen of the People's Republic of China, sues under the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 701 *et seq.*, and Declaratory Judgment Act ("DJA"), 28 U.S.C. § 2201, for review of the United States Citizenship and Immigration Services's ("USCIS's") denial of her application to adjust her status to lawful permanent resident. She here appeals from the dismissal of her complaint for lack of subject matter jurisdiction under 8 U.S.C. § 1252(a)(5).

On such an appeal, "we review factual findings for clear error and legal conclusions *de novo*." *Mantena v. Johnson*, 809 F.3d 721, 727 (2d Cir. 2015) (internal quotation marks omitted). While we must "accept[] all material facts alleged in the complaint as true and draw[] all reasonable inferences in the plaintiff's favor," we do so mindful that "[t]he plaintiff bears the burden of proving subject matter jurisdiction by a preponderance of the evidence." *Id.* (internal quotation marks omitted). Moreover, "[i]t is well settled that this Court may affirm on any basis for which there is sufficient support in the record, including grounds not relied on by the district court." *Lotes Co. v. Hon Hai*

2

*Precision Indus. Co.*, 753 F.3d 395, 413 (2d Cir. 2014) (internal quotation marks omitted). In applying these standards here, we assume the parties' familiarity with the facts and procedural history of this case, which we reference only as necessary to explain our decision to affirm.

The Immigration and Nationality Act ("INA"), 8 U.S.C. §§ 1101 *et seq.*, precluded the district court's exercise of jurisdiction here. It states in relevant part that,

> [n]otwithstanding any other provision of law (statutory or nonstatutory), . . . no court shall have jurisdiction to review[:] (i) any judgment regarding the granting of relief under section . . . 1255 of this title [(relating to adjustment of status)], or (ii) any other decision or action of the Attorney General or the Secretary of Homeland Security the authority for which is specified under this subchapter to be in the discretion of the Attorney General or the Secretary of Homeland Security. . . .

8 U.S.C. § 1252(a)(2)(B). Subparagraph (D) provides a limited exception to this jurisdictional bar for "constitutional claims or questions of law." *Id.* at § 1252(a)(2)(D). Lin's complaint does not fall within this exception because, although she challenges the adverse statutory eligibility determination informing the adjustment of status denial, the USCIS also denied Lin's adjustment application on discretionary grounds, which Lin does not challenge. Those grounds included more than one justification independent of those pertaining to the statutory ineligibility determination, for example, Lin's failure to appear in immigration court or to surrender to United States Immigration and Customs Enforcement custody, her failure to comply with the Removal Order, and her false statements. In these circumstances, § 1252(a)(2)(B)(i) bars judicial review of both the statutory and discretionary determinations. *See Ling Yang v. Mukasey*, 514 F.3d 278, 279-80 (2d Cir. 2008).

3

That Lin's complaint is nominally brought under the APA and the DJA compels no different result. First, judicial review of agency action is not available under the APA where such review is limited by another statute—here, the INA. *See* 5 U.S.C. § 701(a)(1); *Delgado v. Quarantillo*, 643 F.3d 52, 55 (2d Cir. 2011). Second, the "declaratory judgment statute does not confer jurisdiction on a district court" independently. *See Fleet Bank, N.A. v. Burke*, 160 F.3d 883, 886 (2d Cir. 1998). Accordingly, the district court correctly concluded that it lacked jurisdiction to entertain Lin's complaint.

In light of that conclusion, we decline to reach the issue of jurisdiction under 8 U.S.C. § 1252(a)(5). *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach.").

We have considered Lin's remaining arguments and conclude that they are without merit. Accordingly, the dismissal of her complaint for lack of subject matter jurisdiction is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

4